**CITY OF INDEPENDENCE, MISSOURI, Respondent,**

v.

**Elwyn L. CADY, Jr., Appellant.**

**No. WD 72605.**

Missouri Court of Appeals, Western District.

Aug. 9, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 2011.

Elwyn L. Cady, Jr., Independence, MO, Appellant pro se, for appellant.

Mitchell E. Langford, Independence, MO, for respondent.

Before Division Four: LISA WHITE HARDWICK, Chief Judge, Presiding, KAREN KING MITCHELL and GARY D. WITT, Judges.

LISA WHITE HARDWICK, Chief Judge.

Elwyn Cady appeals his convictions for three violations of the City Code of Independence. He contends the circuit court erred in admitting testimony and photographs that resulted from a warrantless inspection of his property, in violation of his Fourth Amendment rights. For reasons explained herein, we find no error and affirm the convictions.

## FACTUAL AND PROCEDURAL HISTORY

On January 10, 2008, the Codes Compliance Officer for the City of Independence cited Mr. Cady for three conditions at his residential property, 1919 South Drumm, that violated the municipal code: (1) uncontained trash and rubbish; (2) overgrown vegetation; and (3) building maintenance issues, including broken and missing doors and windows. Due to budget shortfalls, the City was not able to pursue the violations for abatement at that time.

On September 4, 2009, the Officer returned to Mr. Cady's property to determine whether the earlier violations had been abated. The Officer knocked on Mr. Cady's door, but there was no response. From the street and the front porch, the Officer was able to view visible Code violations on the property. She noted piled leaves, grass more than 12″ tall, and thick-

ets along the property lines. There were torn screens on the porch with rotting wood and a side shed in disrepair. The garage door had folded in, and boxes and other debris were visible inside the screened porch.

The Officer filled out a notice of code violations and posted a copy of the notice—which included an administrative hearing date and time and a correction date—on the door of Mr. Cady's residence. Mr. Cady failed to attend the hearing. The Officer returned to the property after the correction date and determined that the violations remained unabated. The Officer issued three tickets to Cady for: (1) improper storage of refuse; (2) weed control; and (3) building maintenance.

Mr. Cady was convicted in municipal court and fined $400 on each of the three tickets. He sought review by trial de novo and was granted a trial in the circuit court on April 19, 2010. The circuit court found Mr. Cady guilty on all three charges and assessed a fine of $300 on Count I, $200 on Count II, and $100 on Count III. Mr. Cady appeals.

### Standard of Review

On review of this court tried case, we must affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). We view the evidence and inferences in a light most favorable to the judgment and disregard all contrary evidence. *Id.* We must defer to the trial court's determinations of fact and witness credibility. *Id.*

### Analysis

In his sole point on appeal, Mr. Cady contends the circuit court erred in admitting testimony and photographs that re-

sulted from the Officer's warrantless inspection of his property. He asserts the evidence was obtained in violation of his Fourth Amendment right against an unlawful search and seizure and, therefore, should have been that excluded as "fruit tainted by the poisonous tree."

■ The trial court has broad discretion to admit evidence at trial, and we will reverse only if this discretion was clearly abused. *State v. Morrow*, 968 S.W.2d 100, 106 (Mo.banc 1998). Our review of the facts and applicable law indicates the court properly exercised its discretion in admitting the Officer's testimony and photographs, despite the warrantless nature of her visit to Mr. Cady's property.

The charges against Mr. Cady arose as a result of a citizen complaint about the condition of his property at 1919 South Drumm in Independence. The City's Code Compliance Officer testified that the overgrown vegetation, improper storage, and building maintenance violations found on the property were clearly visible from the street and neighboring properties.

Various provisions of the Independence City Code permit compliance officers to observe violations on the exterior areas of property that are open to public view and to post notices on the property:

> The Code Official is authorized to enter upon those areas of exterior property generally visible to the public. Buildings and other exterior areas not generally visible to the public, may be entered with permission of the owner, occupant or person having control of the exterior property or structure. If entry is refused or not obtained, the Code Official may pursue recourse as provided by law.

§ 4.01.005(C).

> Whenever the Code Official determines that there has been a violation of this Code ... notice shall be given to the

owner, the occupant and the person or persons responsible therefore in the manner prescribed in this section.

§ 4.01.007(A).

Such notice shall be deemed to be properly served ... by posting such notice in a conspicuous place in or about the premises affected by such notice.

§ 4.01.007(C).

Mr. Cady has not challenged the constitutionality of these provisions under the Fourth Amendment. The record indicates the Officer clearly complied with these procedures by limiting her observations to those areas of Mr. Cady's property that were visible to the public and the subject of neighborhood complaints. Mr. Cady has never even alleged that the Officer entered an area of his property that was not open to public view.

■ Applying Fourth Amendment principles, our court has recognized that a law enforcement officer is permitted, without a warrant, to "investigate a crime or to conduct official business at a residence in places where the public is invited." *State v. Edwards*, 36 S.W.3d 22, 26–27 (Mo.App. 2000) (quoting *State v. Kriley*, 976 S.W.2d 16, 22 (Mo.App.1998)). This is particularly applicable to "curtilage" areas (surrounding a residence) that are open to public view. *Id.* at 26. No privacy expectation exists in areas that are visible from outside the property. *Id.* at 27. There is nothing in the record to indicate that Mr. Cady took any steps to enclose the yard or otherwise shield his yard or house from public view. Under these circumstances, it was not unreasonable or improper for the Officer to view and photograph the conditions on the exterior areas of the property without obtaining a warrant. *See State v. Johnson*, 670 S.W.2d 882, 885–86 (Mo.App.1984).

Mr. Cady's argument cites *Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967) and *Ashworth v. City of Moberly*, 53 S.W.3d 564, 579 (Mo. App.2001), neither of which supports his claim of a constitutional violation. *Camara* is factually distinguished in that it involved a resident's refusal to permit housing inspectors to *enter* his residence without a warrant. 387 U.S. at 525–27, 87 S.Ct. 1727. Here, the Officer never requested or attempted to enter Mr. Cady's residence; her observations were limited to the exterior areas of the property.

*Ashworth* involved owners of rental property claiming that an ordinance, which required them to obtain an inspection report prior to renting their property, promoted warrantless searches in violation of the Fourth Amendment. 53 S.W.3d at 578–79. As noted, Mr. Cady has not challenged the code provisions at issue in this case. Moreover, in *Ashworth*, our court concluded there was no Fourth Amendment violation, because the ordinance expressly required the inspectors to obtain a warrant or court order if the landlord did not consent to a property inspection. *Id.* at 580. Similarly, the Independence Code provides that if a property owner refuses entry, the code official can "pursue recourse as provided by law." § 4.01.005(C).

Mr. Cady has failed to demonstrate that the circuit court abused its discretion in admitting testimony and photographs that resulted from the Officer's observations outside his home in areas open to public view. We find no error and deny the point on appeal.

### CONCLUSION

We affirm the circuit court's judgment.

All Concur.